## FRANK POSEY v. STATE.

No. A-7794.   Opinion Filed Feb. 28, 1931.
(296 Pac. 527.)

**130**

Jno. L. Ward, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county on a charge of murder and was sentenced to life imprisonment in the penitentiary.

The case was tried the latter part of September and first part of October, 1929. The appeal was lodged in this court April 2, 1930. No briefs in support of the appeal have been filed, and no appearance for oral argument was made at the time the case was submitted. We have read the record with care to ascertain if defendant had a fair trial or if any errors substantially prejudicial were committed.

The record discloses that on April 16, 1929, Sam Frost and his wife lived at the town of Bixby; that about midnight of that date defendant and his wife drove from their home in Leonard to Bixby, and the wife remained in the car with the engine running and defendant went on the porch and knocked at the door and awakened Frost and his wife; that Frost went out on the porch, and defendant immediately shot him with a pistol, from which death resulted almost instantly. Defendant then returned to the car and they drove away. The defense is what is sometimes referred to as the unwritten law; that is, that Frost had been criminally intimate with the wife of defendant covering a period of about two years prior thereto. Both defendant and his wife testified to the homicide substantially as stated. It is apparent from the record that defendant knew of illicit relations between his wife and

the deceased and deliberately decided to take the law into his own hands and kill Frost. There is also some evidence which tends to indicate that a money consideration between them was discussed. The fact that deceased was guilty of an offense in his relations with the wife of defendant did not justify defendant in seeking out and killing deceased. "The right to avenge a wrong done a female member of one's family by killing the wrongdoer" does not exist in this state. It is not permitted one thus wronged to take the law into his own hand and wreak private vengeance on the wrongdoer. January v. State, 16 Okla. Cr. 166, 181 Pac. 514; Pickett v. State, 40 Okla. Cr. 289, 268 Pac. 732. The record amply sustains the verdict and judgment.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.